**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4043

MARIO SORTO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4044

ROSA SORTO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4045

JOSE CARCAMO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4046

FELIX ESCOBAR,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                        No. 97-4047

ANDRES MARTINEZ,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                        No. 97-4048

ROBERTO SORTO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                        No. 97-4049

ELIAS BERMUDEZ,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                        No. 97-4087

NELSON RIVERA,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-96-251-A)

2

Submitted: January 27, 1998

Decided: April 21, 1998

Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia; Joseph J. McCarthy, DELANEY, MCCARTHY, COLTON & BOTZIN, P.C., Alexandria, Virginia; Richard E. Starr, Arlington, Virginia; Daniel S. Orci, Jr., Washington, D.C.; Bruce M. Cooper, Washington, D.C.; Jerome P. Aquino, Alexandria, Virginia; Michael Hadeed, Jr., Alexandria, Virginia; Gary Smith, Alexandria, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Rebeca Hidalgo Bellows, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants operated a large drug ring which distributed crack cocaine in Arlington, Virginia. A jury convicted Appellants Rosa Sorto, Jose Carcamo, Roberto Sorto, and Elias Bermudez of one count each of conspiracy to possess with intent to distribute and to distribute fifty grams or more of crack cocaine and to distribute crack cocaine to persons under twenty-one years of age (21 U.S.C. § 846

(1994)) and distribution of crack cocaine (21 U.S.C.§ 841(a)(1) (1994)). The jury convicted Appellants Mario Sorto, Felix Escobar, and Nelson Rivera on the conspiracy count and four, two, and six counts of distribution, respectively. Appellant Andres Martinez was convicted on the conspiracy count and one count of possession of crack cocaine with intent to distribute.

On appeal, all of the Appellants except Rivera challenge whether the district court abused its discretion by enhancing their base offense levels by one point for conspiracy to sell drugs to persons under the age of twenty-one pursuant to USSG § 2D1.2(a)(2).[1] All Appellants raise as issues on appeal whether the court erred by refusing to allow an experienced criminal defense attorney to testify as an expert witness concerning the Government witnesses' motivation to lie; whether the court erroneously refused to instruct the jury on Government witness immunity and Fed. R. Crim. P. 35; and whether the district court abused its discretion by not allowing them to submit a jury questionnaire or to individually question jurors. In addition, Mario Sorto challenges the district court's decision not to grant him a downward adjustment for acceptance of responsibility; Carcamo and Rivera allege that the evidence was insufficient to convict them of conspiracy and distribution; and Bermudez challenges the district court's denial of his motion for judgment of acquittal. Finding no reversible error, we affirm.

We review the district court's application of USSG§ 2D1.2(a)(2) de novo and find no error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Contrary to Appellants' assertions, this case is easily distinguished from United States v. Locklear, 24 F.3d 641, 648-49 (4th Cir. 1994). In Locklear, we vacated one defendant's sentence on the ground that the district court erroneously applied a one-point enhancement pursuant to USSG § 2D1.2(a)(2). Although the indictment in Locklear mentioned that the defendant used a minor to help sell drugs, he was not charged with violating the applicable statute. This court held that a defendant must be charged with and convicted of the applicable statutory provisions before the district court may apply the enhancement. In the present case, the indictment clearly stated that Appellants conspired to distribute crack cocaine to

_____

**1 U.S. Sentencing Guidelines Manual** (1996).

4

persons under twenty-one years of age in violation of 21 U.S.C. § 859 (1994), and the jury expressly convicted Appellants of this offense.

The district court has broad discretion over the admission of expert testimony, and we will not reverse its decision absent a clear abuse of that discretion. United States v. Barsanti , 943 F.2d 428, 432 (4th Cir. 1991). In the present case, Appellants allege that their expert witness, an experienced criminal defense attorney, would have testified that Government witnesses who have been granted immunity or who face the possibility of a reduced sentence have an incentive to incriminate the defendants they are testifying against. It is well-settled that the purpose of expert testimony is to assist jurors in understanding complex subjects that are outside the realm of common knowledge. We agree with the Sixth Circuit's reasoning in United States v. Thomas, 74 F.3d 676, 683-84 (6th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3708 (U.S. Apr. 22, 1996) (No. 95-8380), and find that the district court did not abuse its discretion by concluding that the proposed testimony was within the realm of common sense and therefore not an appropriate subject for expert testimony.**2**

We review the district court's decision not to give a proposed jury instruction for abuse of discretion, and we find none here. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). Appellants proposed a jury instruction concerning immunity from further federal prosecution and potential reduction of witnesses' federal sentences. However, although several of the Government's witnesses had been granted immunity and/or pled guilty in state court, none of them had been charged or convicted in federal court. Therefore, the proposed instruction concerning reduction of federal sentences was not relevant. And we find that the district court's instructions sufficiently covered the possibility of a grant of immunity affecting witness credibility.

Prior to trial, Martinez filed a motion, in which the other Appellants joined, to submit a questionnaire to panel members and to individually question the members of the venire. The district court denied

_____

**2** We note that Appellants' point was conveyed to the jury through defense counsels' skillful cross-examination of the witnesses and the court's cautionary instructions.

the motion and conducted voir dire. At the conclusion of voir dire, the court stated that it considered the questions proposed by counsel and believed it had asked sufficient questions to insure an impartial panel. Appellants did not object to the conduct of voir dire or suggest additional questions. Since Appellants failed to preserve the issue by making a timely objection, we find that the issue was waived. See United States v. LaRouche, 896 F.2d 815, 829 (4th Cir. 1990) (prior submission of proposed questions insufficient to preserve issue).

Even assuming Appellants properly preserved the issue, we find that the district court did not abuse its discretion in conducting the voir dire. It is well-settled that a trial judge may conduct voir dire without allowing counsel to pose questions directly to the potential jurors. Fed. R. Crim. P. 24(a). In addition, a defendant does not always have the right "to have questions posed during voir dire specifically directed to matters that conceivably might prejudice veniremen against him." Ristaino v. Ross, 424 U.S. 589, 594 (1976). It is only necessary that the "voir dire as a whole is reasonably sufficient to uncover bias or partiality in the venire." United States v. Lancaster, 96 F.3d 734, 739-40 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3569 (U.S. Feb. 18, 1997) (No. 96-6450). We find that the district court's questions satisfied this standard. We further find that the court's questions essentially covered the areas proposed by Appellants.[3] We reject Appellants' assertion that the district court's failure to inquire into the jurors' understanding of the English language violated our decision in United States v. Gray, 47 F.3d 1359 (4th Cir. 1995). There is no evidence in the record suggesting that any of the jurors had difficulty understanding English. [4]

We review the district court's decision not to grant Mario Sorto a downward adjustment for acceptance of responsibility for clear error, and we find none. See United States v. Gordon , 895 F.2d 932, 937 (4th Cir. 1990). While Sorto accepted responsibility for distributing crack cocaine to an undercover police officer on four occasions, he denied any participation in a conspiracy. In Gordon, we expressly

_____
[3] We note that Appellants do not allege any undiscovered bias.
[4] Appellants cite to the court's exchange with one potential juror who stated that she had difficulty understanding English, but that person was never selected to serve on Appellants' jury.

6

held that a defendant must accept responsibility for all of his misconduct to be entitled to the adjustment. Id. at 936. We reject Sorto's request that he receive partial credit for acceptance of responsibility as unsupported by the Guidelines.

On direct appeal of a criminal conviction, a verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In the present case, we find that the evidence overwhelmingly supports Carcamo's and Rivera's convictions. Contrary to Carcamo's assertions, our review of the record discloses that several Government witnesses testified that they received crack cocaine from Carcamo and observed him selling it. We further find the evidence sufficient to support Carcamo's conviction for distributing crack cocaine to an undercover police officer. Carcamo and another conspirator, Ortiz, met with the officer after he requested to buy drugs. They ordered the officer to drive around, and he complied. After a short time, Ortiz asked Carcamo if "everything was okay," and Carcamo nodded affirmatively. Ortiz then gave the officer drugs in exchange for money. We find these actions sufficient for the jury to find that Carcamo acted as either a lookout or as the final decision-maker on the sale rather than being a mere bystander. We affirm Rivera's convictions for the same reasons. We find that the record supports the jury's conclusion that Rivera distributed drugs directly to the undercover officer and also facilitated sales between the officer and other members of the conspiracy.

Finally, in reviewing the district court's decision to deny Bermudez's motion for judgment of acquittal, we must consider the evidence and all reasonable inferences in the light most favorable to the Government and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Sloley, 19 F.3d 149, 152 (4th Cir. 1994). We find that the district court did not err in denying the motion because sufficient evidence was presented to support Bermudez's convictions. The testimony established that Bermudez was a street-level dealer who obtained his drugs from other members of the conspiracy. In addition, he sold drugs to the undercover officer at Rivera's direction. Finally, he had sex with a juvenile witness in exchange for drugs at Escobar's crack house.

7

Accordingly, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

8